IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CLINTON C. BARLOW, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 17-2208-JDT-cgc |
| | ) | |
| ARTHUR B. LAFFER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 1406(a)

On March 20, 2017, Plaintiff Clinton C. Barlow, III, a resident of Trenton, New Jersey, filed a *pro se* civil action purportedly alleging violations of his civil rights. (ECF No. 1.)  He did not pay the filing fee or submit an application to proceed *in forma pauperis*. Plaintiff sues various residents of New Jersey, including New Jersey state officials and a judge of the U.S. District Court for the District of New Jersey.

The Federal Judiciary Public Access to Court Electronic Records Service ("PACER") shows that Plaintiff has filed more than seventy separate actions in the federal courts since 1991.  Most have been filed in New Jersey, Florida and Pennsylvania.  Plaintiff is subject to a filing injunction in New Jersey.  *See Barlow v. Scott-Buzzi*, No. 00-5645, at 1 (D.N.J. Mar 30, 2001) (ECF No. 34) ("[P]laintiff is permanently enjoined from filing any new civil actions in this Court without prior written approval of the Court.").  The New Jersey District Court stated that it would not consider granting approval unless Barlow first submitted a

copy of the proposed complaint, "a sworn affidavit that the facts upon which he bases his claims are true" and "a clear statement of the legal bases for his claims." *Id.* at 1.  The New Jersey court "has repeatedly enforced the terms of [the] permanent injunction and ordered the Clerk of the Court not to file myriad submissions by Barlow." *Barlow v. Ewing Twp.*, No. 3:11-mc-00089-GEB, at 2 (D.N.J. June 14, 2001) (ECF No. 2) (Order).

It appears that Plaintiff is attempting to avoid the New Jersey injunction by filing his action in this district.  As stated, he has sued only New Jersey residents and while his claim is difficult to decipher,[1] Barlow appears to allege that the Defendants have violated his civil rights because they will not settle his New Jersey tort claim.  However, 28 U.S.C. § 1391(b) authorizes the commencement of a civil action only in a judicial district:

> (1) where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

This case has no connection with this district.  The Defendants reside in New Jersey, and the allegedly unlawful acts occurred there.

Twenty-eight U.S.C. § 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  For the reasons stated, this action should have been brought in the District of New

---

[1] The complaint is difficult to decipher because of Plaintiff's poor handwriting and also because it is, to a large extent, incoherent.

Jersey.  Therefore, this case is hereby TRANSFERRED, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the District of New Jersey.

The Clerk is directed to close this case without entry of judgment.

IT IS SO ORDERED.

                                  s/ **James D. Todd**
                                  JAMES D. TODD
                                  UNITED STATES DISTRICT JUDGE